1  PETER D. KEISLER
   Assistant Attorney General
2  CARL J. NICHOLS
   Deputy Assistant Attorney General
3  JOSEPH H. HUNT
   Director, Federal Programs Branch
4  ANTHONY J. COPPOLINO
   Special Litigation Counsel
5  RENÉE S. ORLEANS
   ANDREW H. TANNENBAUM
6  ALEXANDER K. HAAS
   renee.orleans@usdoj.gov
7  andrew.tannebaum@usdoj.gov
   alexander.haas@usdoj.gov
8  Trial Attorneys
   U.S. Department of Justice
9  Civil Division, Federal Programs Branch
   20 Massachusetts Avenue, NW
10 Washington, D.C.  20001
   Phone: (202) 514-4504/(202) 514-4782/(202) 307-3937
11 Fax:   (202) 616-8470/(202) 616-8202
   *Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS P. RIORDAN, *et al.*<br><br>　　Plaintiffs<br><br>　　v.<br><br>VERIZON COMMUNICATIONS INC.<br><br>　　Defendant. | C-06-3574-VRW<br><br>NOTICE OF MOTION AND MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA<br><br>Date:　August 24 2006<br>Time:　2:00 p.m.<br>Courtroom:　6<br><br>Judge Vaughn R. Walker |

---

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA, No. C-06-3574 (VRW)

## NOTICE OF MOTION AND MOTION TO INTERVENE

PLEASE TAKE NOTICE that, on August 24, 2006,[1] before the Honorable Vaughn R. Walker, United States of America will move, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, for an order allowing the United States to intervene in this action for the purpose of ultimately seeking dismissal. The grounds in support of this motion are set out in the United States' memorandum below.

## MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs, subscribers of various communications services of Verizon, allege that Verizon participated in a Government program in which Verizon allegedly provided certain telephone records to the National Security Agency ("NSA") in violation of the California Constitution and state statute. Through the present motion, the United States seeks to intervene in this action, pursuant to Federal Rule of Civil Procedure 24(a), for the purpose of ultimately seeking dismissal of this action. For the reasons set forth below, the United States clearly meets all the requirements for intervention under Rule 24(a): (1) its application for intervention is timely; (2) the United States has a significantly protectable interest relating to the subject matter of this action, *i.e.,* the preservation of state secrets; (3) the United States needs to intervene because this action challenges alleged government surveillance activities; and (4) no other party in this lawsuit could adequately represent the United States' interest. Accordingly, the United States' motion to intervene should be granted.

---

[1] The United States has filed an Administrative Motion to Set Hearing Date for the United States' Motion to Intervene, requesting that the Court set the hearing date for this motion for August 24, 2006, – the present hearing date for Plaintiffs' motion to remand and Verizon's motion for a stay.

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA, No. C-06-3574 (VRW)

**FACTUAL BACKGROUND**

A.   **The Terrorist Surveillance Program**

The President has explained that, following the devastating events of September 11, 2001, he authorized the National Security Agency ("NSA") to intercept international communications into and out of the United States of persons linked to al Qaeda or related terrorist organizations.[2]  The Attorney General has further explained that in order to intercept a communication, there must be "a reasonable basis to conclude that one party to the communication is a member of al Qaeda, affiliated with al Qaeda, or a member of an organization affiliated with al Qaeda."[3]  The purpose of these intercepts is to provide the United States with an early warning system to detect and prevent another catastrophic terrorist attack on the United States.  *See* President's Press Conference.  The President has stated that the NSA activities "ha[ve] been effective in disrupting the enemy, while safeguarding our civil liberties." *Id*.

B.   **Allegations in Plaintiffs' Complaint**

Following certain news articles, Plaintiffs filed this action, on May 26, 2006, in California Superior Court alleging that Verizon participated in a Government program in which Verizon allegedly provided certain telephone records to the National Security Agency ("NSA") in violation of the Article I of the California Constitution and section 2891 of the Public Utilities Code.  Complaint ¶¶ 1-39.  Plaintiffs claim that, on or about May 11, 2006, they learned from newspaper reports that since shortly after September 11, 2001, Verizon has been providing to the NSA data relating to telephone calls made to and from Verizon's California residential telephone customers.  *Id*. ¶¶ 1, 14.  They claim that Verizon is providing NSA with the personal calling

---

[2] *See* Press Conference of President Bush (Dec. 19, 2005), *available at* http://www.whitehouse.gov/news/releases/2005/12/20051219-2.html ("President's Press Conference").

[3] Press Briefing by Attorney General Alberto Gonzales and General Michael Hayden, Principal Deputy Director for National Intelligence (Dec. 19, 2005), *available at* http://www.whitehouse.gov/news/releases/2005/12/20051219-1.html.

1  records covering hundreds of millions of telephone calls made by millions of Verizon's
2  California residential customers, including plaintiffs. *Id.* ¶¶ 2, 14-16.
3     Plaintiff assert that the NSA uses and continues to use the calling records "to create a
4  massive database to search for patterns of social interaction that might warrant further
5  investigation." *Id.* ¶ 14. They claim that the database is accessible by the NSA, the Central
6  Intelligence Agency, the Federal Bureau of Investigation, and the Drug Enforcement Agency. *Id.*
7  ¶ 22. Plaintiffs further assert that Verizon has made these telephone records available to the
8  NSA on a voluntary basis and not under compulsion of any legal process or by obtaining
9  permission from its customers. *Id.* ¶ 18. Plaintiffs assert that California residential telephone
10 customers, some of which requested that Verizon not provide any information to the NSA
11 without a warrant, were not notified by Verizon that their personal call information was being
12 made available to the NSA or other government agencies. *Id.* ¶ 21.
13    Plaintiffs seek an order that, *inter alia,* enjoins Verizon from "providing any customer
14 calling records to the NSA" and orders Verizon "to disclose to each customer what files or
15 records of that customer have been shared with any third party, including the dates and recipients
16 of any such disclosure." Complaint, Prayer for Relief.
17 C. **Procedural History**
18    On May 24, 2006, two days prior to the filing of this action, Verizon submitted to the
19 Judicial Panel on Multidistrict Litigation ("JPML") a motion for transfer and coordination
20 pursuant to 28 U.S.C. § 1407. That motion requests that the JPML (1) transfer 20 virtually
21 identical purported class actions (pending before 14 different federal district courts) to a single
22 district court; and (2) coordinate those actions for pretrial proceedings pursuant to 28 U.S.C. §
23 1407. Because this case was filed after Verizon's motion for transfer and coordination, it was
24 not subject to the original motion, but was noted to the JPML as a potential tag along action on
25 June 6, 2006. The number of cases raising similar issues continues to increase and now totals
26 well over 30 actions. A hearing on the motion for transfer and coordination before the JPML
27 was held on July 27, 2006; that motion is pending.

1  On June 5, 2006, Verizon filed a notice of removal in this action, and, on June 15, 2006,
2  moved to stay this action in light of the pending JPML proceedings. Plaintiffs moved to remand
3  the case on July 5, 2006. A hearing on these motions is set for August 24, 2006.
4  Contemporaneous with this motion, the United States has filed a Statement of Interest in
5  Opposition to Plaintiffs' Motion to Remand.

## ARGUMENT

<u>THE UNITED STATES IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT</u>

Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A potential intervenor must meet four requirements to satisfy Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citing *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). The Ninth Circuit generally construes Rule 24(a) liberally in favor of potential intervenors. *Southwest Ctr. for Biological Diversity*, 268 F.3d at 818; *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("the requirements for intervention are broadly interpreted in favor of intervention"). The United

States clearly meets all the standards for intervention.[4]

First, there should be no question that the Government's motion to intervene is timely within the meaning of Rule 24. "In determining whether a motion for intervention is timely, we consider three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)). This case is only in its initial stages. Plaintiffs filed their Complaint on May 24, 2006 in California Superior Court. Docket No. 1. Verizon filed a notice of removal on June 5, 2006, and moved to stay this action in light of the pending JPML proceedings on June 15, 2006. Docket Nos. 1 & 11. And Plaintiffs moved to remand the case on July 5, 2006. Docket No. 20. A hearing on these motions is set for August 24, 2006. The United States has thus moved to intervene and filed a Statement of Interest in Opposition to Plaintiffs' Motion to Remand during the pending motion practice and before any scheduled hearing date in this case.[5] There can be no dispute that this motion is timely.

Second, the United States clearly has an interest relating to the subject matter of this action. This case involves a challenge to Verizon's alleged role in alleged foreign-intelligence surveillance activities involving the NSA. The United States intends to assert the state secrets privilege in this matter, and is hereby moving to intervene for the purpose of ultimately moving to dismiss the action.[6] Because the lawsuit challenges alleged intelligence activities of the

---

[4] This Court granted the United States' motion to intervene in a similar suit, *Hepting v. AT&T Corp.*, No. C 06-0672-VRW (N.D. Cal.).

[5] As explained in the Statement of Interest, because the United States seeks to intervene in this case, the United States, upon intervention, has an independent right to remove this action to federal court under 28 U.S.C. § 1442(a), and thus, *inter alia*, Plaintiffs' Motion to Remand should be denied.

[6] The state secrets privilege permits the Government to protect against the unauthorized disclosure in litigation of information that may harm national security interests. *See United States v. Reynolds*, 345 U.S. 1, 7-8 (1953).

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA, No. C-06-3574 (VRW)

5

United States and because the United States intends to assert the state secrets privilege over information at issue, the government's interest satisfies requirements of Rule 24(a).

Third, for these very reasons – that the lawsuit challenges alleged activities of the United States and that the United States intends to assert the state secrets privilege – the United States intends to seek dismissal of this action. It is appropriate to permit the United States to intervene to seek such dismissal. *See Zuckerbraun v. General Dynamics Corp.*, 935 F.2d 544, 546-48 (2nd Cir. 1991) (United States intervened and successfully sought dismissal of the action based on the assertion of the state secrets privilege)*; Fitzgerald v. Penthouse Int'l, Ltd.*, 77 F.2d 1236, 1239 (4th Cir. 1985) (court allowed intervention where United States has a national interest in proceedings); *see also Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998) ("'if the very subject matter of the action' is a state secret, then the court should dismiss the plaintiff's action based solely on the invocation of the state secrets privilege") (quoting *Reynolds*, 345 U.S. at 11 n. 26).

Finally, the United States' interest is not adequately represented by the parties to the litigation. In determining whether a potential intervenor's interests will be adequately represented by an existing party, courts consider: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 822. The intervenor's burden of showing that the existing parties may not adequately represent its interest is "minimal," and the potential intervenor "need only show that representation of its interests by existing parties 'may be' inadequate." *Id*. at 822-23 (citing *Trbobich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). The court's focus should be on the "subject of the action." *Southwest Center for Biological Diversity*, 268 F.3d at 823 (citation omitted).

None of the parties has either the obligation or the ability to assert the state secrets privilege in this litigation. The state secrets privilege belongs to the government alone and

1 cannot be asserted by private citizens.  *See Reynolds*, 345 U.S. at 7-8 (state secrets privilege must
2 be asserted by head of department which has control over issue).  Indeed, the parties are not
3 aware of the breadth of the information covered by the privilege, and because information
4 covered by the privilege is classified, they would, in any event, be unable to present the issues to
5 the Court effectively and properly.  Moreover, the parties' interest may well be in the *disclosure*
6 of state secrets to the extent that doing so might assist them in presenting their claims or defenses
7 fully to vindicate their own private interests.  Thus, only the United States is in a position to
8 protect against the disclosure of information over which it intends to assert the state secrets
9 privilege, and the United States is the only entity properly positioned to explain to the Court why
10 continued litigation of the matter threatens the national security.  Accordingly, the United States
11 should be permitted to intervene for the purpose of ultimately moving to dismiss this action on
12 state secrets grounds.

13    Having satisfied the requirements of Rule 24(a), the United States should be allowed to
14 intervene as of right.[7]

## CONCLUSION

16    Accordingly, the United States respectfully requests that the Court grant its motion to
17 intervene pursuant to Fed. R. Civ. P. 24(a).

                                    Respectfully submitted,

                                    PETER D. KEISLER
                                    Assistant Attorney General

                                    CARL J. NICHOLS
                                    Deputy Assistant Attorney General

                                    JOSEPH H. HUNT
                                    Director, Federal Programs Branch

---

[7] In the alternative, Rule 24(b) allows for permissive intervention where the motion is timely, the party has an interest in the litigation, and there is no undue delay or prejudice to the parties in allowing the intervention.  *See* Fed. R. Civ. P. 24(b).  As the discussion above demonstrates, the government has met these standards for permissive intervention.

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA, No. C-06-3574 (VRW)

|   |   |
|---|---|
| 1 |  |
| 2 | *s/ Anthony J. Coppolino* <br> ANTHONY J. COPPOLINO <br> Special Litigation Counsel |
| 3 |  |
| 4 | *s/ Renée S. Orleans* <br> RENÉE S. ORLEANS <br> ANDREW H. TANNENBAUM |
| 5 | ALEXANDER K. HAAS <br> renee.orleans@usdoj.gov |
| 6 | andrew.tannebaum@usdoj.gov <br> alexander.haas@usdoj.gov |
| 7 | Trial Attorneys <br> U.S. Department of Justice |
| 8 | Civil Division, Federal Programs Branch <br> 20 Massachusetts Avenue, NW |
| 9 | Washington, D.C. 20001 <br> Phone: (202) 514-4505/(202) 514-4782/(202) 307- |
| 10 | 3937 Fax: (202) 616-8470/(202) 616-8202 |
| 11 | Dated: August 4, 2006   *Attorneys for the United States of America* |

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA, No. C-06-3574 (VRW)

8

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA** with the Court's CM/ECF system and was served thereby this 4th day of August 2006 on:

ANN BRICK
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111

LAURENCE F. PULGRAM
FENWICK & WEST LLP
275 Battery Street, Suite 1600
San Francisco, CA 94111

CLARE PASTORE
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1616 Beverly Blvd.
Los Angeles, CA 90026

DAVID BLAIR-LOY
ACLU FOUNDATION OF SAN DIEGO/IMPERIAL COUNTIES
PO Box 87131
San Diego, CA 92138

JOHN ROGOVIN
WILMER CUTLER PICKERING HALE AND DOOR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006-3642

MARK D. FLANAGAN
ELIZABETH ROGERS
WILMER CUTLER PICKERING HALE AND DOOR LLP
1117 California Avenue
Palo Alto, CA 94304

                                                *s/ Renée S. Orleans*
                                                Renée S. Orleans

MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA, No. C-06-3574 (VRW)