ANN BRICK (CSB No. 65296)
NICOLE A. OZER (CSB No. 228643)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: 415/621-2493
Facsimile: 415/255-8437
abrick@aclunc.org, nozer@aclunc.org

LAURENCE F. PULGRAM (CSB No. 115163)
MITCHELL ZIMMERMAN (CSB No. 88456)
JENNIFER L. KELLY (CSB No. 193416)
SAINA SHAMILOV (CSB No. 215636)
CANDACE MOREY (CSB No. 233081)
FENWICK & WEST LLP
275 Battery Street
San Francisco, CA 94111
Telephone: 415/875-2300
Facsimile: 415/281-1350
lpulgram@fenwick.com;
mzimmerman@fenwick.com; jkelly@fenwick.com
sshamilov@fenwick.com; cmorey@fenwick.com

Attorneys for Plaintiffs
*Additional counsel listed on following page*

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DENNIS P. RIORDAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., a corporation; and DOES 1 through 20,<br><br>Defendants. | Case No. C-06-3574 VRW<br><br>**PLAINTIFFS' JOINT OPPOSITION TO THE UNITED STATES' MOTION TO INTERVENE**<br><br>August 24, 2006<br>2:00 p.m.<br>6, 17th Floor<br>The Honorable Vaughn R. Walker |
| TOM CAMPBELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T COMMUNICATIONS OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. C-06-3596 VRW |

**ADDITIONAL COUNSEL**

PETER ELIASBERG (CSB No. 189110)
CLARE PASTORE (CSB No. 135933)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1616 Beverly Boulevard
Los Angeles, CA 90026
Telephone: 213/977-9500
Facsimile: 213/250-3919
peliasberg@aclu-sc.org, cpastore@aclu-sc.org

DAVID BLAIR-LOY (CSB No. 229235)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO/IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138
Telephone: 619/232-2121
Facsimile: 619/232-0036
dblairloy@aclusandiego.org

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page(s)**

ADDITIONAL COUNSEL ..... i

INTRODUCTION ..... 1

ARGUMENT ..... 2

I. THIS COURT DOES NOT HAVE JURISDICTION TO CONSIDER THE MOTIONS TO INTERVENE BECAUSE IT LACKS SUBJECT MATTER JURISDICTION OVER THESE ACTIONS ..... 2

II. INTERVENTION BY THE UNITED STATES WOULD NOT BE GROUNDS FOR REMOVAL UNDER SECTION 1442(A) ..... 4

CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Barbara v. NYSE*,
99 F.3d 49 (2d Cir. 1996).......... 4

*Bell v. City of Kellogg*,
922 F.2d 1418 (9th Cir. 1991).......... 3

*Bromwell v. Mich. Mut. Ins. Co.*,
115 F.3d 208 (3d Cir. 1997).......... 3

*Bruns v. NCUA*,
122 F.3d 1251 (9th Cir. 1997).......... 2, 4

*Canatella v. State of California*,
404 F.3d 1106 (9th Cir. 2005).......... 3

*Cook v. Peter Kiewit Sons Co.*,
775 F.2d 1030 (9th Cir. 1985).......... 5

*Coyne v. American Tobacco Co.*,
183 F.3d 488 (6th Cir. 1999).......... 3

*Fent v. Okl. Water Res. Bd.*,
235 F.3d 553 (10th Cir. 2000).......... 4

*Florida v. Cohen*,
887 F.2d 1451 (11th Cir. 1989).......... 5

*In Re Estate of Bobby Masters*,
361 F. Supp. 2d 1303 (E.D. Ok. 2005) .......... 5

*In re the Marriage of Dyche*,
No. 05-1116, slip copy, 2005 WL 1993457
(D. Kan. Aug. 16, 2005).......... 6

*Indiana v. Adams*,
892 F. Supp. 1101 (S.D. Ind. 1995) .......... 5

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*,
500 U.S. 72 (1991).......... 3, 4

*Jefferson County, Alabama v. Acker*,
527 U.S. 423 (1999).......... 5, 6

*Libhart v. Santa Monica Dairy Co.*,
592 F.2d 1062 (9th Cir. 1979).......... 2

*Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.*,
876 F.2d 1051 (1st Cir. 1989) .......... 3

*Mesa v. California*,
489 U.S. 121 (1989).......... 6

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Porter v. Rathe*,
No. 98-331, 1998 WL 355499,
1998 U.S. Dist. LEXIS 9873
(D. Or. Jun. 18, 1998) ........ 6

*Re-Con Bldg. Prods. v. Guardian Ins. Co.*,
No. C-00-0327, 2000 WL 432830,
2000 U.S. Dist. LEXIS 5241 (N.D. Cal. Apr. 13, 2000) ........ 4

*Roach v. W. Va. Reg'l Jail & Corr. Auth.*,
74 F.3d 46 (4th Cir. 1996) ........ 3, 4

*Rubin v. United States*,
449 U.S. 424 (1981) ........ 4

*Smith v. Wis. Dep't of Agric.*,
23 F.3d 1134 (7th Cir. 1994) ........ 2, 3

*United States v. Todd*,
245 F.3d 691 (8th Cir. 2001) ........ 5, 6

*Univ. of S. Ala. v. American Tobacco Co.*,
168 F.3d 405 (11th Cir. 1999) ........ 4

**STATUTES**

28 U.S.C. § 1442 ........ 5, 6

28 U.S.C. § 1442(a) ........ 1, 4

28 U.S.C. § 1442(a)(1) ........ 4

28 U.S.C. § 1447(c) ........ 1

28 U.S.C. § 1447(c) ........ 3, 4

**RULES**

Fed. R. Civ. P. 24 ........ 3

**OTHER AUTHORITIES**

7C Charles Alan Wright, Arthur R. Miller & May Kay Kane,
Federal Practice and Procedure § 1917 (2d ed. 2004) ........ 3

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' JOINT OPPOSITION TO THE UNITED STATES' MOTION TO INTERVENE

iv

CASE NOS. C 06-3574 VRW
C 06-3596 VRW

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**INTRODUCTION**

Ironically, the Motions to Intervene filed by the government are at the same time untimely and premature.[1] They are untimely because, as set forth in Plaintiffs' Joint Response to the Statement of Interest of the United States in Support of Defendants' Motion to Stay and Opposition to Plaintiffs' Motion to Remand ("Plaintiffs' Response to Statement of Interest" or "Pl.'s Resp."), the government has nowhere explained why it delayed seeking leave to intervene in these actions until just before the hearing on Plaintiffs' motions to remand. *See* Pl.'s Resp. Part I. The more salient point, however, is that the government must wait to seek leave to intervene until after this Court has ruled on those remand motions. Indeed, as the government itself makes plain in its Statement of Interest (Stmt. of Int. 3-4), the very timing of its motions is designed to short-circuit the process of determination of federal jurisdiction over Plaintiffs' complaints as the Constitution and applicable statutes require. Until the Court resolves the question of whether it has subject matter jurisdiction over Plaintiffs' complaints, it has no jurisdiction to entertain the government's motions to intervene. If the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' complaints, it must remand them to state court and allow the state court to rule on the motions to intervene. 28 U.S.C. § 1447(c). The "futility exception" to section 1447(c) — which the government invokes to argue that the Court should retain this matter despite lack of present jurisdiction — to the extent that it is still good law in this circuit, is nevertheless inapplicable here. Because intervention by the United States does not, in the circumstances of this case, permit it to successfully remove these actions, a remand is anything but futile. This action seeks no relief against the United States. The government's intervention to assert the *Totten* bar or state secrets privilege will not convert this case into one "commenced . . . against the United States." *See* 28 U.S.C. § 1442(a)(i).

Accordingly the Court should deny the motion to intervene and further order that the intervention requested here would not give rise to a claim "commenced . . . against the

---

[1] For the convenience of the Court, Plaintiffs are filing a single opposition to the government's motions to intervene in the *Campbell* and *Riordan* actions.

United States."[2]

**ARGUMENT**

**I. THIS COURT DOES NOT HAVE JURISDICTION TO CONSIDER THE MOTIONS TO INTERVENE BECAUSE IT LACKS SUBJECT MATTER JURISDICTION OVER THESE ACTIONS**

A district court may not consider a motion to intervene before determining whether it has subject matter jurisdiction over a removed case. *Vang v. Healy*, 804 F. Supp. 79, 83 (E.D. Cal. 1992). The reason is simple: the federal courts are courts of limited jurisdiction, whose removal jurisdiction is derived solely from Congressional authorization. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *Vang*, 804 F. Supp. at 81 (E.D. Cal. 1992). Thus, where, as here, the court lacks subject matter jurisdiction over the action at the time of removal, it does not have jurisdiction to consider a motion to intervene on the theory that granting intervention will then confer jurisdiction. *Vang*, 804 F. Supp. at 83; *see Libhart*, 592 F.2d at 1066 (district court lacked jurisdiction to grant motion to amend complaint to add federal claim because it lacked jurisdiction over case as removed). In such circumstances, a remand is mandatory. *See Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997)*; Smith v. Wis. Dep't of Agric.*, 23 F.3d 1134, 1139 (7th Cir. 1994).

*Vang* is directly on point. There, the court had before it both the plaintiffs' motion to remand and the United States' motion to intervene. The defendant argued, much as the government does here, that if the case were remanded, the Secretary of Agriculture would intervene in state court and immediately remove the case back to federal court. Thus, argued the defendant, principles of judicial economy counseled against a remand. The court emphatically disagreed, holding that "federal jurisdiction cannot be based upon the presumed eventual intervention of the United States." 804 F. Supp. at 83. As the court explained:

> In order for the Court to have the authority to entertain the Secretary's motion to intervene, the Court must already have jurisdiction to hear the case. Without an independent basis for jurisdiction, the court cannot hear and grant a motion which then would give the court jurisdiction.

---

[2] The arguments made below are identical to those made in Part II of Plaintiffs' Response to Statement of Interest. Accordingly, the Court need not read both.

*Id*.; 7C Charles Alan Wright, Arthur R. Miller & May Kay Kane, Federal Practice and Procedure § 1917 (2d ed. 2004) ("Intervention cannot cure any jurisdictional defect that would have barred the federal court from hearing the original action."); *see Canatella v. State of California*, 404 F.3d 1106, 1113 (9th Cir. 2005) (while Rule 24 provides procedural mechanism for intervention, it "does not itself provide the jurisdictional hook").

The government neither discusses nor cites *Vang*. Instead, it argues that its intervention in the state court upon remand would "automatically" entitle it to remove and that therefore this Court should short-circuit the analysis of whether it currently has subject matter jurisdiction because remand would be "futile." *See* Stmt. of Int. 4 (citing *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991) (permitting dismissal rather than remand where remand is futile)).

The government is mistaken. First, the continued vitality of the "futility exception" to section 1447(c) is at best questionable. Four months after the decision in *Bell*, the United States Supreme Court issued its decision in *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991), *superseded by statute on other grounds*. There the federal defendant argued it would be futile to remand the case because, once remanded, removal was again inevitable on other grounds. The Supreme Court, however, declined the invitation to speculate on whether the second attempt at removal would be successful and held that events should be allowed to play themselves out in the state court first. 500 U.S. at 89. The Court then went on:

> We also take note, as did the First Circuit, of "the literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action." *Id*. at 1054. The statute declares that, where subject matter jurisdiction is lacking, the removed case "*shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

*Id*. (quoting *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989)).

In light of that decision, the Circuit Courts of Appeals that have since considered the question have either held that there is no futility exception to section 1447(c),[3] or questioned

---

[3] *Coyne v. American Tobacco Co.*, 183 F.3d 488, 496-97 (6th Cir. 1999); *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997); *Roach v. W. Va. Reg'l Jail and Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996); *Smith*, 23 F.3d at 1139.

FENWICK & WEST LLP ATTORNEYS AT LAW SAN FRANCISCO

PLAINTIFFS' JOINT OPPOSITION TO THE UNITED STATES' MOTION TO INTERVENE

-3-

CASE NOS. C 06-3574 VRW C 06-3596 VRW

whether the doctrine has survived.[4] *Cf. Bruns v. NCUA*, 122 F.3d at 1257 (9th Cir. 1997) (not addressing futility doctrine but holding: "Section 1447(c) is mandatory, not discretionary. *See Roach v. W. Va. Reg'l Jail & Corr. Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) (where subject matter jurisdiction is lacking, district court must remand to state court even if futile").

But even if the futility exception survived, the "absolute certainty" required to invoke it is, as this Court has observed, an exacting standard. *Re-Con Bldg. Prods. v. Guardian Ins. Co.*, No. C-00-0327, 2000 WL 432830, *1, 2000 U.S. Dist. LEXIS 5241, *3-4 (N.D. Cal., Apr. 13, 2000). That standard plainly is not met here. First, as the *Vang* court held: "[i]t is not for this court in the first instance to decide whether the United States can or must be joined. The Superior Court must first determine if the United States is entitled to intervene according to its rules." *Vang*, 804 F. Supp. at 83; *see also Int'l Primate*, 500 U.S. at 89. Second, as next discussed, the government's intervention in these actions in state court would *not* provide a basis to remove.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## II. INTERVENTION BY THE UNITED STATES WOULD NOT BE GROUNDS FOR REMOVAL UNDER SECTION 1442(A)

The plain language of section 1442(a) permits removal only where an action is "*commenced* in a State court *against* . . . [t]he United States. . . ." 28 U.S.C. § 1442(a)(1) (emphasis added). Plaintiffs have not "commenced" an action "against the United States;" they have sued Verizon and AT&T. The language of the statute is unambiguous; it precludes removal by the United States unless the action is commenced against it. *See Rubin v. United States*, 449 U.S. 424, 430 (1981) ("When we find the terms of a statute unambiguous, judicial inquiry is complete, except in 'rare and exceptional circumstances.'"). *See also Int'l Primate*, 500 U.S. at 79 (interpreting 28 U.S.C. § 1442(a)(1): "the starting point in every case involving construction of a statute is the language itself") (internal quotation omitted)).

While the government may potentially be entitled to intervene at an appropriate time, in the appropriate court, being an interested party is not the same as being a party against whom an action is being prosecuted. Removal under the circumstances of this case—where no judicial

---

4 *Fent v. Okl. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000); *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Barbara v. NYSE*, 99 F.3d 49, 56 n.4 (2d Cir. 1996) (dictum).

relief has been requested against the government—simply is not authorized by section 1442(a)(1). *See e.g.*, *In Re Estate of Bobby Masters*, 361 F. Supp. 2d 1303, 1307 (E.D. Ok. 2005) (federal government's intervention in state court probate proceeding did not support removal because state court matter not "commenced against" United States); *compare Indiana v. Adams*, 892 F. Supp. 1101, 1105 (S.D. Ind. 1995) (§ 1442(a)(1) does not permit removal where court denied FBI officer's motion to quash deposition subpoena in state criminal proceeding, but no contempt proceedings yet initiated; no state court proceeding had been commenced against the federal officer), *with Florida v. Cohen*, 887 F.2d 1451, 1454 (11th Cir. 1989) (federal officer may remove *after* state court initiates contempt proceedings for failure to respond to subpoena in state court criminal prosecution); *see also Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1034 (9th Cir. 1985) (although not addressing the intervention issue presented here, nevertheless confirming: "The only prerequisite to removal of a civil action under § 1442 is that it be *brought against* a federal officer or agency." (emphasis in original) (internal quotation omitted)).

The cases the government cites do not support its broad contention that intervention always confers the right to remove. *United States v. Todd*, 245 F.3d 691 (8th Cir. 2001), is both analytically deficient and factually distinct. *Todd* was a state freedom of information act case in which plaintiff sued the state police seeking documents that the police possessed but which belonged to the United States Attorney. The court did not even address *Todd*'s argument that his suit was not against the United States. The closest it came (and the portion of the opinion relied upon by the government) was when it stated: "we reject Mr. Todd's contention that the removal was improper . . . simply because his original complaint had a non-federal cast." *Id.* at 693 (citing *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999)). The discussion of a "nonfederal cast" in *Acker*, however, is completely unrelated to the question of whether the United States' status as an intervenor allows removal. The cited portion of *Acker* notes that section 1442 removal differs from "arising under" removal because the well-pleaded complaint rule does not apply in a section 1442 case and that "the federal question element [of section 1442] is met if the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

defense depends on federal law." *Acker*, 527 U.S. at 431.[5] *Todd* thus does not support the government's position here.

Moreover, the relief sought in *Todd* was production of documents belonging to the United States. Although those documents were in the hands of the state police, they belonged to the United States; thus, the named defendant was, in effect, a proxy for the United States. Plaintiffs' lawsuits against AT&T and Verizon do not seek to recover anything belonging to the government. *Id.* at 692. They seek only to compel the telephone companies to stop turning over private information. The fact that an injunction may affect Defendants' future interactions with the government does not make this a lawsuit against the government any more than would a suit to require a company to obey state anti-pollution laws in processing mineral deposits from federal lands. That the suit might limit the extent of the government's future business with that company does not make it a suit against the government.[6]

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[5] *Acker*'s reference to the "federal question element" of section 1442 refers to the requirement that a suit not only be commenced against the federal government, but that the federal defendant also have a colorable federal defense. *See Mesa v. California*, 489 U.S. 121, 129 (1989).

[6] *In re the Marriage of Dyche*, No. 05-1116, slip copy, 2005 WL 1993457 (D. Kan. Aug. 16, 2005), is equally inapposite. The *Dyche* court held removal was proper because the suit was in essence a declaratory judgment action against the United States "challenging the IRS' claimed authority to collect federal estate taxes." *Id.* at * 3. In *Porter v. Rathe*, No. 98-331, 1998 WL 355499, 1998 U.S. Dist. LEXIS 9873 (D. Or. Jun. 18, 1998), plaintiff named no defendant, but served the United States, which claimed an interest in the property that was the subject of the state court proceeding. It was thus a necessary party against whom judicial relief would be rendered; it should have been named as a defendant in the first instance. *Id.* WL at *1, LEXIS at *2.

**CONCLUSION**

Accordingly the Court should deny the motion to intervene and further order that the intervention requested here would not give rise to a claim "commenced . . . against the United States."

Dated: August 16, 2006

Respectfully,

FENWICK & WEST LLP

By: /s/ Laurence F. Pulgram
Laurence F. Pulgram

*Attorneys for Plaintiffs*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
Ann Brick, Nicole A. Ozer

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA
Peter Eliasberg, Clare Pastore

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SAN DIEGO/IMPERIAL COUNTIES
David Blair-Loy

FENWICK & WEST LLP
Laurence F. Pulgram, Mitchell Zimmerman, Jennifer L. Kelly, Saina Shamilov, Candace Morey

B9320/00401/LIT/1254198.2