PETER D. KEISLER
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ANDREW H. TANNENBAUM
RENÉE S. ORLEANS
ALEXANDER K. HAAS (SBN 220932)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782/(202) 514-4263/(202) 307-3937
Fax:   (202) 616-8470/(202) 616-8202
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS P. RIORDAN, *et al*.<br><br>    Plaintiffs<br><br>    v.<br><br>VERIZON COMMUNICATIONS INC.<br><br>    Defendant. | C-06-3574-VRW |
| TOM CAMPBELL, *et al*.<br><br>    Plaintiffs<br><br>    v.<br><br>AT&T COMMUNICATIONS OF CALIFORNIA, a corporation, *et al*.<br><br>    Defendants. | C-06-3596-VRW<br><br>REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO INTERVENE<br><br>Judge: The Hon. Vaughn R. Walker<br>Courtroom: 6, 17th Floor |

The United States of America submits this reply in support of its motion to intervene and in response to Plaintiffs' opposition thereto. Plaintiffs' oppose intervention by the United States, arguing that the Court lacks jurisdiction to consider the question, because the issue should be resolved under by the state court under state law. *See* Plaintiffs' Opposition to the United States' Motion to Intervene ("Pls. Opp.") at 2-4. Plaintiffs also oppose by arguing that the intervention of the United States would not create a right to remove under 28 U.S.C. § 1442. *Id.* at 4-6.[1]

Plaintiffs' principal argument is that the Court lacks jurisdiction to consider the motion to intervene and that, under *Vang v. Healy*, 804 F. Supp. 79 (E.D. Cal. 1992), the California Superior Court should decide whether the United States may intervene under state procedures. *See* Pls. Opp. at 2-3. This argument fails because the intervention of the United States creates an independent right of removal that triggers the futility exception to the remand statute and permits this Court to decline to remand the action. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991). This exception would apply to litigation such as the instant action before the Court. Plaintiffs initially dispute the continued vitality of this exception, but grudgingly acknowledge that this Court has recognized the exception with respect to the remand statute. *See id.* at 4 (citing the order of Judge Vaughn Walker in *Re-Con Bldg. Prods. v. Guardian Ins. Co.*, 2000 WL 432830, *1 (N.D. Cal. 2000)). The U.S. District Court for the Western District of Washington also recently recognized that, under Ninth Circuit law, it need not remand a case where it would be futile to do so. *See Pacific Sound Resources v. Burlington Northern & Santa*

---

[1] Plaintiffs briefly assert that the United States' motion to intervene is not timely. *See* Pl. Opp. at 1. Such an assertion is meritless. This action is in its earliest stages, as the case was filed in late May and removed to federal court in early June. Plaintiffs moved to remand the case at the end of June 2006, *see* Docket Entry 14, and the United States sought to intervene as of August 4, 2006. The United States has thus moved to intervene before any scheduled hearing date in this case. Because the action is at its earliest stages, and Plaintiffs have suffered no prejudice, the motion is clearly timely. *See League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Indeed, the passage of even lengthy periods of time is not alone sufficient to demonstrate that a motion to intervene is untimely. *United States v. State of Oregon*, 745 F.2d 550, 552-53 (9th Cir. 1984) (holding that it was an abuse of discretion to conclude that multi-year delay in State of Idaho's motion to intervene as of right was untimely because there was no prejudice). Here, the United States has sought to intervene in this action at an earlier point in time than it did before this Court in *Hepting v. AT&T*, where the United States sought, and was permitted, to intervene four months after the action was filed. *See Hepting*, 06-cv-672 (VRW), Docket Entries 122, 282 (N.D. Cal.).

*Fe RR. Co.*, 2006 WL 1441983, at *1 & n.1 (W.D. Wash. May 23, 2006) (noting that under *Bell* it is appropriate to decline to remand where it would be futile to do so).  While Plaintiffs therefore dispute whether there is sufficient evidence to support the application of the exception, *see* Pl. Opp. at 4, as discussed below, and in the United States Statement of Interest, *see* Statement of Interest at 3-4, the intervention of the United States creates an independent right of removal under the federal officer removal statute that would make remand futile.

Even assuming that Plaintiffs were correct under *Vang* that state law would govern the intervention of the United States, the United States would have an absolute right to intervene under California law.  California Code of Civil Procedure 387 governs the intervention in state court actions.  For the reasons set forth in the United States' motion to intervene, the United States is authorized to intervene either as a matter of right under section 387(b) or permissively under section 387(a).  Plaintiffs never dispute that the United States has an interest in the outcome of this action, or that this action relates to an alleged government program pertaining to foreign intelligence gathering and therefore to the national security interests of the United States.  Moreover, Plaintiffs never dispute that the parties to this action do not and can not adequately represent the interests of the United States as contemplated in the mandatory intervention provisions of section 387(b).  Indeed, as Plaintiffs themselves pointed out, *see* Pls. Mot to Remand at 19-20, only the United States has the ability to assert the state secrets privilege – a privilege that belongs to the federal government alone and that cannot be asserted by private citizens.  *See United States v. Reynolds*, 345 U.S. 1, 7-8 (1953) ("The privilege belongs to the Government and must be asserted by it; it can neither be claimed nor waived by a private party" and must be "lodged by the head of the department which has control over the matter, after actual personal consideration by the officer.").  Thus, only the United States is in a position to protect against the disclosure of information over which it intends to assert the state secrets privilege, and the United States is the only entity properly positioned to explain to the Court why continued litigation of the matter threatens the national security.  The state law standard for intervention is therefore clearly met.

Plaintiffs are incorrect in arguing that the federal officer removal statute does not permit the United States to remove cases upon its intervention.  The primary purpose of the federal

officer removal statute is to protect the United States and federal officers, and those under their direction, from interference from state courts. *See Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969). Applying a precursor to the current statute, the Supreme Court has explained why the federal officer removal statute is so vital:

> [The federal government] can act only through its officers and agents, and they must act within the States. If, when thus acting, and within the scope of their authority, those officers can be arrested and brought to trial in a State court . . . the operations of the general government may at any time be arrested at the will of one of its members. The legislation of a State may be unfriendly. It may affix penalties to acts done in the immediate direction of the national government . . . . The State court may administer not only the laws of the State, but equally Federal law, in such a manner as to paralyze the operations of the government.

*Tennessee v. Davis*, 100 U.S. 257, 263 (1879). The federal officer removal statute thus furthers important federal interests by ensuring fair trials for the United States itself and any individuals who act on behalf of the federal government. For these reasons, the federal officer removal statute was not meant to be given a "narrow" or "limited" interpretation, *Willingham*, 395 U.S. at 406-07, nor was the statute or the policy underlying it meant to "be frustrated by a narrow, grudging interpretation . . . ." *Id.* at 407. But Plaintiffs argue for just such a crabbed reading of section 1442, claiming that even if the United States intervened they would not have commenced an action against the United States and therefore that Section 1442 would not apply. *See* Pls. Opp. at 4.

Under Plaintiffs' reading of Section 1442, a third-party federal government defendant to a case between two private parties could not remove the action because the Plaintiffs in the action would have decided not to commence it against the United States. But the case law runs counter to such a literal reading of the statute. Indeed, because removal under Section 1442 rests upon "far stronger considerations of policy" than removal under Section 1441, *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960), courts have regularly permitted third-party defendants to remove under Section 1442(a)(1). *See, e.g.*, *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1982); *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984); *Reese v. South Florida Water Management*, 853 F. Supp. 413, 414 (S.D. Fla. 1994); *National Ctr. for Hous. Management v. Housing Auth. of Milwaukee*, 668 F. Supp. 1230, 1231 (E.D. Wis. 1987). *See also Nolan v. Boeing Co.*, 919 F.2d 1058, 1066 (5th Cir. 1990) (noting that Section "1442(a)(1)-which authorizes the removal of a 'civil action' by a

federal officer or agency sued in state court-permits a federal officer or agency to remove the 'entire case' to federal court even though the removing party [is] a third-party defendant and only some of the claims in the case [are] asserted against the federal officer or agency"); *Smith v. City of Picayune*, 795 F.2d 482, 485 (5th Cir. 1986) (concluding that it was not an error for a district court to consider a removed action, in part, "because of the presence of the FmHA as an intervening defendant" that would have made the action removable).

Significantly, the Ninth Circuit has recognized the breadth of section 1442 insofar as it "unlike the general [§] 1441 removal statute, is not keyed to the original jurisdiction of the federal district court." *Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981). The breadth of the Ninth Circuit's reading of this provision is underscored, moreover, by its determination that the ability of the United States, federal officers, or agents to remove under Section 1442 as not keyed to their status as "defendants," which is a statutory prerequisite of removal under Section 1441. *See id.* ("While [§] 1441 . . . provides for removal 'by the defendant or the defendants,' [§] 1442(a) uses the language . . . of removal "by them" . . .). Other recent court decisions similarly have construed Section 1442 broadly. *See, e.g., United States v. Todd*, 245 F.3d 691 (8th Cir. 2001). Section 1442(a) therefore allows the United States to intervene in a state court suit as a defendant and remove the suit even if there is no independent jurisdictional basis for removal. *Id. See also Porter v. Rathe*, 1998 WL 355499 (D. Or. June 18, 1998) ("1441(b) and 1442(a)(1) [ ] permit removal of actions to this court when the United States is a named defendant. The grant of intervention to the United States in the state court action provides the grounds for removal to this court."). In *Todd*, the Eighth Circuit rejected an argument identical to Plaintiffs here that "the removal of [the] case to federal court was improper because [the plaintiff] did not sue any federal defendant or rely on any federal law in his complaint." 245 F.3d at 693. The *Todd* Court concluded that the United States, having intervened in the action to raise a federal defense to the production of documents under the Federal Freedom of Information Act, had a right to remove the action under section 1442. *Id.*

Plaintiffs' attempt to distinguish these cases is unavailing. Plaintiffs essentially assert that removal was permitted in the intervention cases cited by the United States because the relief sought was somehow really directed at the United States and that here "Plaintiffs' lawsuits

against AT&T and Verizon do not seek to recover anything belonging to the government." *See* Pls. Opp. at 5-6. But Plaintiffs' lawsuits challenge an alleged program that they assert belongs to the United States and that they assert involves foreign intelligence gathering activities of the United States. *See, e.g.*, Compl. in *Campbell* ¶¶ 1, 19-30. And Plaintiffs seek *de facto* relief against the united States by asking the California Superior Court to enjoin the alleged Government program that, according Plaintiffs' allegations, could not exist without the aid of the telecommunications defendants. *See id.* ¶¶ 1-2, 19-20. Plaintiffs' complaint, moreover, seeks "to disclose to each customer what files or records of that customer have been shared with any third party, including the dates and recipients of any such disclosure." Id. Prayer for Relief. But this information, if it even exists, would be highly classified information that the Director of National Intelligence ("DNI") already has determined would be subject to the state secrets privilege. The DNI determined that this would include information about the alleged involvement of a telecommunication carrier's role in providing assistance to the Government, information which the DNI explains can neither be confirmed nor denied in order to protect intelligence sources and methods. *See* Negroponte Decl. ¶12. For these reasons, arguing that this case is different from *Todd* because Plaintiffs do not seek anything "belonging" to the United States is thus wholly incorrect. It is the United States, and in particular the Executive Branch, that has the sole and exclusive authority to control the disposition of classified information and documents. This Court should therefore apply *Todd* here.

## **CONCLUSION**

For the foregoing reasons and the reasons stated in the United States' motion, the United States respectfully requests that the Court grant its motion to intervene.

DATED: August 28, 2006                  Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

CARL J. NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

|   |   |
|---|---|
| 1 | ANTHONY J. COPPOLINO |
| 2 | Special Litigation Counsel |

*s/Alexander K. Haas*
ALEXANDER K. HAAS (SBN 220932)
alexander.haas@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782/(202) 307-3937
Fax: (202) 616-8460/(202) 616-8202

Attorneys for the United States of America